REUBEN J. WENTWORTH *versus* WILLIAM GOODWIN.

In an action upon a promissory note, given as the consideration of land conveyed by deed with the usual covenants of seisin, of warranty, and against incumbrances; and where it appeared on the trial, that at the time of the conveyance there was an attachment upon the land, and that afterwards judgment was rendered in the suit, and the execution levied upon the whole of the land conveyed; and where the grantee did not redeem, but suffered a title to be acquired under the levy; and where it was not shown, that the land was appraised at its full value, nor that the grantee had not received rents and profits: — *It was held*, that a total failure of consideration for the note was not shown.

A partial failure of title to the land would not, it seems, constitute a defence to the note, *pro tanto*.

THIS was an action of assumpsit on a promissory note dated May 10, 1839, for 15,00, payable in 30 days and interest, given by the defendant to one Sarah Morrison, and by her indorsed to the plaintiff.

The defendant alleged in defence, that there was a total failure of consideration of said note, and offered to prove, that this note, with another, was given by him to said Sarah in consideration of a conveyance of land by deed with the usual covenants of seisin and warranty from the said Sarah, then being seised in fee of the premises, to the defendant; that previous to and at the time of said conveyance, said land was under attachment in two suits, commenced by the creditors of said Sarah, on which judgments have since been duly rendered subsequent to the indorsement of this note to the plaintiff; that executions issued thereon, within thirty days after judgment, had been duly and legally levied upon the whole land conveyed by said deed, so that the defendant's title to the same had entirely failed; that the defendant at the time of said conveyance had no knowledge of said attachments; that said Sarah was at the time of said conveyance and now is without property; that the plaintiff at the time of the transfer of said note to him was aware of the circumstances under which it was made, and knew that said attachments had been previously made by the aforesaid creditors of said Sarah; and that said Goodwin had notified said Sarah that he should

not pay the note — but the Judge who presided at the trial ruled that the facts aforesaid offered to be proved by the defendant, were insufficient to show a total failure of the consideration of said note, and would not constitute a defence to this action ; and rejected the testimony.

Whereupon a verdict was rendered in favor of the plaintiff. The defendant filed exceptions.

*N. D. Appleton* and *Paine,* for the defendant.

The defendant is entitled to the same defence in this case, as if the suit had been brought in the name of the payee. *Ayer* v. *Hutchins,* 4 Mass. R. 370 ; *Thurston* v. *McKown,* 6 Mass. R. 428 ; *Hemenway* v. *Stone,* 7 Mass. R. 58 ; *Webster* v. *Lee,* 5 Mass. R. 334 ; *Knapp* v. *Lee,* 3 Pick. 452 ; *Wheeler* v. *Guild,* 20 Pick. 550.

The facts offered to be proved by the defendant show a total failure of the consideration for the note, and the evidence was improperly rejected. The note was given on a contract for the sale of lands. The land was the object of the contract. The defendant has failed to get it, and this constituted an indispensable requisite to its validity. 2 Kent, 468.

In the present case, as well as in very many others of the like kind, if this defence cannot avail, the defendant has no remedy. He must pay over his money for nothing, and then seek to recover it back of a person wholly worthless. But the policy of the law is to avoid circuity of action. This is a highly useful and beneficial principle. A second litigation upon the same matter should not be tolerated, where a fair opportunity can be afforded by the first to do full and complete justice to the parties. By admitting this defence, this can be done most expeditiously and least expensively. The defence set up in this case, is based upon principles, it is believed, which have their foundation in the highest reason and justice ; and is moreover sustained by a weight of authorities and decisions, which cannot be overruled or shaken. In Massachusetts. *Bliss* v. *Negus,* 8 Mass. R. 46 ; *Knapp* v. *Lee,* 3 Pick. 452 ; *Dickinson* v. *Hall,* 14 Pick. 217 ; *Rice* v. *Goddard,* ib. 293 ; and *Stone* v. *Fowler,* 22 Pick. 166. In New York. *Fris-*

bie v. Hoffnagle, 11 Johns. R. 50; McAllister v. Reab, 4 Wend. 483; Hills .v. Bannister, 8 Cow. 31. In Connecticut. Lawrence v. Stonington Bank, 6 Conn. R. 521; Cook v. Mix, 11 Conn. R. 432; McAlpin v. Lee, 12 Conn. R. 129. In Pennsylvania. Steenhauer v. Whitman, 1 Serg. & R. 447; 5 Binney, 232. In South Carolina. Gray v. Handkinson, 1 Bay, 278; Bell v. Haggins, ib. 327; Thompson v. McKoy, 2 Bay, 76; Steele v. Galliard, ib. 11. In Vermont. Chandler v. Marsh, 3 Verm. R. 162. In New Hampshire. Tillotson v. Grapes, 4 N. H. Rep. 448. In Maine. Homes v. Smyth, 16 Maine R. 177. U. S. Courts. Greenleaf v. Cocke, 2 Wheat. 13; Daniel v. Mitchell, 1 Story, 172. The case Lloyd v. Jewell, 1 Greenl. 352, does not conflict with the authorities just cited. That was a case of partial failure of consideration only. Besides, the principle endeavored to be sustained in that case was there considered the settled law of Massachusetts, but subsequent decisions of the highest Court in that State have pronounced the law to be otherwise, so that one important ground on which that opinion rested entirely fails.

The extent of an execution, and the delivery of seisin and possession by the sheriff to the creditor, is an eviction of the defendant from the land. Gore v. Brazier, 3 Mass. R. 540; Wyman v. Bragdon, 4 Mass. R. 151; Barrett v. Porter, 14 Mass. R. 143; Porter v. Newhall, 17 Mass. R. 81.

Bradley and Loring, for the plaintiff.

Upon the question, whether a total failure of consideration, or of title, is a good defence to an action of assumpsit for the purchase money of land, when the grantee is secured by covenants, the opinion of the Court in Lloyd v. Jewell, 1 Greenl. 352, is clear and unequivocal, that such a defence is not admissible. So also is the opinion of the Court, in Fowler v. Shearer, 7 Mass. R. 14. The doctrines of these cases are, in the opinion of Chancellor Kent, within the strict rule of the common law. 2 Kent, 473. The objections to trial of title to land in actions of assumpsit, and the set-off of specialties in actions of assumpsit, noticed in Lloyd v. Jewell, present

Wentworth *v.* Goodwin.

the same obstacles now which they did in that case.   1 Chitty's
Pl. 341 ; *Phelps* v. *Decker,* 10 Mass. R. 279 ; *Smith* v. *Lincoln,* 15 Mass. R. 171 ; *Read* v. *Cummings,* 2 Greenl. 86.

In the present case, there was a deed given with the usual
covenants of seisin and warranty.   The grantor, at the time of
the conveyance, was seised both in fact and in law of a fee
simple estate in the premises, which passed by her deed to her
grantee.   There has since been an eviction by levy of an execution, constituting a breach of the covenants against incumbrances, of quiet enjoyment, and of general warranty.   Still,
by virtue of the deed, the grantee became seised of the fee,
of a right to redeem, of the right of possession until eviction,
and of a remedy on the covenants for the damage caused to
him by the incumbrances.   The rules governing defences like
the one now proposed may be made to harmonise with the
different measures of damages applied to the breaches of the
different covenants in a deed.

The covenants of seisin and of good right to convey are
broken, unless the grantor be seised in fact, and nothing passes
by the deed, if he is not.   Here is a total failure of consideration, and the measure of damages is the consideration paid
with interest.   2 Mass. R. 433.   There can be no total failure
of consideration unless one of these covenants is broken.

In the present case, the grantee became seised and so remained until he was finally evicted by title under an incumbrance at the time of the grant.   In this case the measure of
damages is the value of the land at the time of the eviction.
This may be more or less, than the consideration money and
interest.   The grantee was in possession, and no one could
recover from him the profits.   There was no total failure of
consideration, and indeed could not be, on account of the
breach of these covenants.   14 Mass. R. 144; 3 Mass. R.
523.

In *Trask* v. *Vinson,* 20 Pick. 110, the Court notice a distinction between executed covenants, where the rule of damages is the consideration paid, and executory covenants, where
the measure of damages is the actual loss sustained ; and hold,

that a breach of the former is a good defence to an action on a note for which the covenants were the consideration; but that a breach of the latter furnishes no defence.

There is no case to be found in Massachusetts or Maine, or, as is believed, in England, wherein a partial failure of consideration has been held a good defence to a note given for the purchase money of lands, where the grantee has been secured by covenants. Many of the cases cited by the counsel for the defendant were examined, and comments made upon them.

The opinion of the Court was drawn up by

SHEPLEY J. — The attachment and subsequent levies on the land conveyed were incumbrances upon the title, which was conveyed to the grantee subject to them. The grantee had acquired the legal right to pay off those incumbrances, and by doing so his title would have become perfect. If the effect may have been, that through neglect to redeem, the title of the grantee has been destroyed, that is a result, which may often happen from a like cause, when the title is more or less incumbered at the time of conveyance. It did not appear from the testimony proposed to be introduced, whether the lands were or were not appraised at their full value. A legal presumption does not arise, that the appraisal was for the full value, for the statute contemplates a still subsisting value in the right to redeem, which may be the subject of attachment and sale. Nor did the proposed testimony shew, whether the grantee had or had not received the rents or profits of the land from the time of conveyance to the periods of levy. And if any were received, he was entitled to retain them; for no other person could call upon him to account for them. The burden of proof was upon him. The ruling of the presiding Judge was therefore correct, " that the facts aforesaid, offered to be proved by the defendant, were insufficient to shew a total failure of the consideration of said note." And if he may be considered by the other part of the ruling as deciding, that a partial failure of the title would not constitute a defence to the

note *pro tanto,* this Court is not prepared to deny the accuracy of that position, and to decide, that the law is otherwise. Such ruling may be considered as authorized by the received law in England, in the Supreme Court of the United States, in Massachsetts, in Maine, and in other States of the Union. And although Courts of the highest character in several of the other States have come to a different conclusion ; there is little reason to change our own rule, until by doing so there may be hope of greater uniformity and symmetry in the law on this point than present appearances indicate. And so great is the value of having a certain rule, to which persons become accustomed, and to which they conform in the transaction of their business, that, when once established, it should not be changed, until it is made to appear to be clearly erroneous, or to be doubtful and more productive of mischief, than a change and the establishment of a new rule.

*Exceptions overruled.*